UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ESMELIN FAJARDO,
    Plaintiff,

v.

MATTHEW SHERIDAN, Individually
and in his Official Capacity as an
Officer of the Providence Police
Department; and CITY OF
PROVIDENCE, by and through its
Treasurer and Senior Advisor, James
Lombardi, III,
    Defendants.

C.A. No. 18-cv-523-JJM-PAS

## ORDER

Defendants the City of Providence and Providence Police Officer Matthew Sheridan each move for summary judgment against Plaintiff Esmelin Fajardo. ECF Nos. 45, 47. Because there are material issues of fact that need to be decided by a jury, the Court DENIES the motions.

The relevant facts taken in the light most favorable to Mr. Fajardo can be summarized as follows: On September 20, 2015, Mr. Fajardo was working as the manager of a nightclub, Club Aqua. Around closing time, about 2 a.m., he was watching patrons leave the building. Believing that patrons were in the Club after closing time and seeing that the front door was locked, Officer Sheridan and another officer entered the Club and instructed patrons to leave through the kitchen. Because Mr. Fajardo was not a patron, he walked toward the back of the room away from the door. The officer instructed him to leave. He explained that he could not leave

because he was the Club manager. A scuffle ensued between him and the officers. Mr. Fajardo alleges that Officer Sheridan used excessive force when he grabbed his arm, slapped his face, punched him in the face, arms, and legs, and pepper-sprayed him several times. Mr. Fajardo explains this alleged use of excessive force as follows:

> Sergeant Potter placed his hand on Mr. Fajardo's shoulder. Officer Sheridan tugged at the strap of Mr. Fajardo's backpack, pulling Mr. Fajardo toward him. *** Mr. Fajardo raised his right hand. Mr. Fajardo did not touch Officer Sheridan. He told Officer Sheridan not to touch him. Mr. Fajardo, who was born without fingers on his left hand, also raised his left arm upward as a natural and automatic bodily reaction to being pulled.
> Officer Sheridan struck Mr. Fajardo's face with his open hand. Officer Sheridan pushed Mr. Fajardo backward, first toward a ladder and then toward a couch. Officer Sheridan's hands made contact with Mr. Fajardo's face, arms, and feet. He punched Mr. Fajardo three to six times. Two to three punches hit Mr. Fajardo's face; the others hit his arms and legs. Mr. Fajardo tried to block Officer Sheridan's strikes with his hands and feet.[1] *** As the events unfolded, patrons and employees began to try to help Mr. Fajardo.
> Officer Sheridan moved backward and removed his pepper spray with his right hand. Sergeant Potter, who was standing a few feet away, grabbed Officer Sheridan's right upper arm. More than once, Sergeant Potter told Officer Sheridan to "stop." Officer Sheridan pushed Sergeant Potter away. Officer Sheridan, who was trained to avoid multiple bursts of pepper spray as being ineffective, delivered three separate multi-second bursts in rapid succession. He did not give Mr. Fajardo time to respond after each burst.
> Mr. Fajardo tried to cover his eyes with his arms as Officer Sheridan pepper-sprayed his face. Mr. Fajardo moved his legs multiple times to protect himself. Mr. Fajardo stood up and picked up a mop to defend himself from further blows. He held the mop in a defensive position. He did not swing it at Officer Sheridan.
> Officer Sheridan struck Mr. Fajardo with his right hand using a closed fist. A Club Aqua employee pepper-sprayed the officers. Officer Sheridan attempted to hit Mr. Fajardo with a baton. He briefly stepped outside. During this time, a woman guided Mr. Fajardo out of the

---

[1] There is video depicting some of this conduct, but Mr. Fajardo argues that "some of Officer Sheridan's strikes are not visible due to the angle and distance of the camera and persons blocking Mr. Fajardo and Officer Sheridan." ECF No. 50 at 3.

kitchen and toward the bar area. *** The officers followed and handcuffed him. They led Mr. Fajardo out of the Club by his neck and head as he was bent over. Mr. Fajardo was not treated for pepper spray exposure as is protocol.

ECF No. 50 at 3-5 (citations omitted). Mr. Fajardo was charged with assault and resisting arrest. He was convicted in state District Court but after his de novo appeal, the charge was amended to disorderly conduct, filed for a year, and later expunged.

Mr. Fajardo filed this five-count action: Count I–IV against Officer Sheridan (Count I, 42 U.S.C. § 1983; Count II, Assault; Count III, Battery; and Count IV, Intentional Infliction of Emotional Distress); and Count VIII against the City of Providence (Vicarious Liability).[2] Officer Sheridan moves for summary judgment arguing collateral estoppel, that the video evidence precludes liability, and qualified immunity. ECF No. 45. The City of Providence moves for summary judgment claiming that the City cannot be held vicariously liable for state-law claims. ECF No. 47.

## I. Officer Sheridan

### A. Collateral Estoppel

Officer Sheridan claims that because a judge in state District Court found Mr. Fajardo guilty of assault and resisting arrest, he is collaterally estopped from asserting any of his claims in this civil case because his criminal disposition shows that Officer Sheridan used reasonable force. Mr. Fajardo counters that collateral estoppel does not apply because the District Court's finding was not a final judgment.

---

[2] Mr. Fajardo voluntarily dismissed Counts V, VI, and VII.

He appealed that finding, the Attorney General reduced the charge to disorderly conduct (which he also pled not guilty to), and that reduced charge was filed for a year and ultimately expunged.

For collateral estoppel to apply, there would have had to be a final judgment as it related to the reasonableness of Officer Sheridan's use of force. *Ret. Bd. of Employees' Ret. Sys. of R.I. v. DiPrete*, 845 A.2d 270, 282 (R.I. 2004) (identifying "a final judgment on the merits" as a necessary element of collateral estoppel). Because Mr. Fajardo appealed the conviction to the Rhode Island Superior Court, "all questions of fact and law were removed to the Superior Court . . .", *State v. Kane*, 488 A.2d 707, 708 (R.I. 1985), and the District Court's guilty findings on the original charges disappeared. Without a final judgment, collateral estoppel does not apply here.

### B. Video Evidence

Officer Sheridan next argues that the "undisputed video evidence" supports summary judgment. While that may be Officer Sheridan's perspective, Mr. Fajardo disputes that the video presents a complete picture of what took place in those early morning hours at Club Aqua and presents evidence that fills in the factual gaps, raising disputes in the record and precluding summary judgment. The Court agrees that the video alone does not justify summary judgment. The determination of this factual discrepancy is precisely the obligation of a jury at trial, not a judge on a dispositive motion.

### C. Qualified Immunity

To find that Officer Sheridan is entitled to qualified immunity in this case, the Court must find that he is a government official performing discretionary functions and that he did not violate a clearly established constitutional (or statutory) right. As a police officer in Providence, he satisfies the first element. To find that Officer Sheridan did not violate a clearly established constitutional right, the Court must find that either 1) the facts alleged or shown by Mr. Fajardo do not make out a violation of a constitutional right, or 2) that the aforementioned right was not "clearly established"; that is that the legal contours of the right are not sufficiently clear such that a reasonable officer would understand that he was violating the right, or the facts make it such that a reasonable official would not have realized that he or she was violating the right. *Fernandez-Salicrup v. Figueroa-Sancha*, 790 F.3d 312, 325 (1st Cir. 2015). Officer Sheridan alleges that he is entitled to qualified immunity because the state district judge, "a trained jurist," "looked at these facts and determined Officer Sheridan's actions to be objectively reasonable for use of force." ECF No. 45-1 at 21.

The Fourth Amendment provides a well-established right to be free from the use of unreasonable force by a police officer. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989). "[W]hether or not a reasonable officer, similarly situated, would have understood that [his] actions violated this right is a fact-intensive question. *Fernandez-Salicrup*, 790 F.3d at 326. It involves understanding what Officer Sheridan knew as he interacted with Mr. Fajardo that morning, whether he could

5

conclude that Mr. Fajardo did not pose a threat to him, if he would have known that it would be unlawful to strike Mr. Fajardo in the face and to continue to use such force where Mr. Fajardo was only defending himself, and whether he would have known that it was unlawful to use pepper spray without a proper police purpose.

These are questions for a factfinder; if the jury believes Mr. Fajardo's version of the incident, they could find that such conduct was clearly established unreasonable force. Until the jury makes this finding, this Court cannot decide as a matter of law whether Officer Sheridan's use of force was "so deficient that no reasonable officer would have made the same choice under the circumstances." *Napier v. Windham*, 187 F.3d 177, 189 (1st Cir. 1999). Therefore, based on the disputed facts surrounding Officer Sheridan's conduct noted previously, the Court cannot decide the qualified immunity piece on summary judgment. The Court DENIES Officer Matthew Sheridan's Motion for Summary Judgment. ECF No. 45.

## II. City of Providence

The City of Providence moves for summary judgment on the one count remaining against it though much of its briefing addresses its arguments in favor of summary judgment on the counts Mr. Fajardo later dismissed. ECF No. 47-1 at 1-20. In the remaining Count VIII of his Complaint, Mr. Fajardo brings a claim against the City for vicarious liability. The City argues that because Mr. Fajardo alleges only intentional torts, the City is not liable without proof that the conduct resulted from a

municipal practice or procedure. *See Cruz v. North Providence*, 833 A.2d 1237, 1238 (R.I. 2003).

Upon reviewing the Complaint, however, the Court notes instances where Mr. Fajardo alleges that Officer Sheridan also acted negligently. ECF No. 1 at 5 (in Count II – "Defendant Officer Sheridan's negligent, reckless, and egregious conduct indicates a flagrant disregard for Mr. Fajardo's health and safety"), *id.* at 12 (in Count VIII – "As a direct and proximate result of the Defendant Officer Sheridan's negligence or gross negligence, reckless disregard, and heedless indifference as aforementioned . . ."). Therefore, the Court will analyze Mr. Fajardo's claim against the City to include negligent conduct.

A municipality is "liable in all actions of tort in the same manner as a private individual or corporation." R.I. Gen. Laws § 9-31-1. When a municipal employee acts with negligence and is not protected by personal immunity, the municipality is vicariously liable for its employee's negligence. *Saunders v. Rhode Island*, 446 A.2d 748, 752 (R.I. 1982). But a municipality generally is not liable for tortious acts "arising out of discretionary governmental actions that by their nature are not ordinarily performed by private persons." *Haley v. Lincoln*, 611 A.2d 845, 849 (R.I. 1992) (citing *Bierman v. Shookster*, 590 A.2d 402, 403 (R.I. 1991)).

This rule holds unless the "special duty" exception is met when the plaintiff is a "specific identifiable victim," such as when the plaintiff "specifically come[s] within the knowledge of the officials so that the injury to that particularly identified plaintiff can be or should have been foreseen." *Knudsen v. Hall*, 490 A.2d 976, 978 (R.I. 1985)

(quoting *Orzechowski v. Rhode Island*, 485 A.2d 545, 548 (1984) (making the distinction between "public duty (owing to the citizenry at large) and special duty (owing to a specific identifiable individual")). In light of the disputed material facts in the record, the Court finds that Mr. Fajardo became an identifiable individual at the time of the encounter at the Club with Officer Sheridan and therefore Officer Sherida had a special duty such that the City may be liable for its employee's negligent acts.

Therefore, the Court DENIES the City of Providence's Motion for Summary Judgment. ECF No. 47.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief United States District Judge

February 16, 2023